FILED

UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

2015 JUN -1 PM 3: 02

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | | |
|---|---|---|
| LINDA PERRY, | } | Case No.  6:15-cv-875-orl-37TBS |
| an individual, | } | |
| | } | |
| PLAINTIFF, | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | 47 U.S.C. § 227, et seq. |
| PINNACLE RECOVERY, INC., | } | Fla. Stat. § 559.55, et seq. |
| a California corporation, | } | |
| | } | |
| DEFENDANT. | } | **JURY TRIAL REQUESTED** |
| | / | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff, through her attorney, brings this action to challenge the actions of Defendant PINNACLE RECOVERY, INC. for unlawful harassment in connection with alleged debt collection activity, and for calling Plaintiff's residential and cellular telephone multiple times – without prior expressed consent – while utilizing an automatic telephone dialing system ("ATDS") or automated or prerecorded voices.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example,

computerized calls dispatched to private homes prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at \*4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

6. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this

end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

7. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

8. This action partially arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9. Because Defendant conducts business in the State of Florida by repeatedly calling Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

10. Because all tortious conduct occurred while Plaintiff resided in the City of Kissimmee, County of Osceola, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

11. Plaintiff is a natural person.

12. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of commerce

within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because she was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

14. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because she was allegedly obligated to pay a debt.

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. In approximately 1995, Plaintiff entered into a contract with Diamond Resorts to purchase a piece of property. On October 14, 2012, Plaintiff's husband, a Viet Nam veteran, died. Prior to Plaintiff's husband's death, Plaintiff utilized her husband's Veteran's Administration pension and Social Security benefits to pay for the purchased property. However, when Plaintiff's husband died, the money stopped coming, and Plaintiff could no longer make payments to Diamond Resorts.

18. Starting in approximately November 2014, Defendant initiated debt collection activities targeting Plaintiff for money Plaintiff allegedly owed to Diamond Resorts.

19. Defendant, in its debt collection process, assigned Plaintiff Account No. 1317869.

20. During the time between approximately November 2014 and March 31, 2015, Defendant, throughout its debt collection process, called Plaintiff – multiple times – on Plaintiff's residential telephone line for the purposes of collecting upon the alleged debt and for no other legal purpose.

21. During February 2015, or approximately around that time, Defendant called Plaintiff approximately five times on Plaintiff's cellular telephone for the purposes of collecting upon the alleged debt and for no other legal purpose.

22. Every time Defendant calls Plaintiff and leaves a message on Plaintiff's answering machine or on her voicemail, the call contains an automated voice, a prerecorded voice, or both.

23. Every time Defendant calls Plaintiff and a live human speaks to Plaintiff, the call contains an automated voice, a prerecorded voice, or both.

24. Every time Defendant calls Plaintiff, Defendant either has a live human speak to Plaintiff or leaves a message on Plaintiff's answering machine or on her voicemail.

25. Almost every time Defendant calls Plaintiff and a live human speaks to Plaintiff, Plaintiff tells the live human to "STOP CALLING [HER];" or to "LEAVE [HER] ALONE;" or that "[SHE] WILL NOT PAY [THEM] A CENT;" or that "[she] is considering suing them for harassment;" or sentences containing slightly different word choices but substantially-similar sentiments; or some combination of these.

26.   Plaintiff's residential telephone number – which Defendant repeatedly called for debt collection purposes – is 407 846 1597.

27.   Plaintiff's cellular telephone number –   which Defendant repeatedly called for debt collection purposes – is 407 973 9226.

28. In March 2015, Plaintiff retained counsel for the purposes of pursuing claims in consumer law against Defendant.

29. In March 2015, on advice of counsel, Plaintiff created a "call log" from the entries on her residential telephone's "caller ID."

30. Plaintiff's "call log" contains a partial list of the calls Plaintiff received during the limited time frame that her "caller ID" could produce; namely, approximately one month's worth of calls.

31. Plaintiff's "call log" contains thirty (30) calls made by Defendant to Plaintiff for the purposes of debt collection and no other legal purpose.

32. The first call in this "call log" made by Defendant to Plaintiff occurred on February 23, 2015.

33. The last call in this "call log" made by Defendants to Plaintiff occurred on March 31, 2015.

34. Therefore, Defendants called Plaintiff at least thirty (30) times in thirty-five (35) days, or a frequency of approximately once per day, on average.

35. To Plaintiff's knowledge, Defendant's final phone call to Plaintiff for the purposes of debt collection and for no other legal purpose occurred on March 31, 2015.

36. If an average of one call per day is imputed to the entire duration of Defendant's debt collection activities, starting approximately November 2014 and ending on March 31, 2015, and if, for the purposes of calculation, the middle point of November is chosen, November 16, 2014, then as there are one hundred thirty-five (135) days between November 16, 2014 and March 31, 2015, approximately one hundred thirty-five (135) calls were made by Defendant to Plaintiff's residential telephone for the purposes of debt collection and for no other legal purpose.

37. Plaintiff believes that an average frequency of one call per day is undershooting the actual number of times Defendant called Plaintiff for purposes of debt collection and for no other legal purpose during the entire duration and believes that when subpoenas are filed on the residential telephone company (Brighthouse), the cellular telephone company (AT&T), and on the Defendant, the records of significantly more calls made by Defendant to Plaintiff will be uncovered.

## FIRST CLAIM FOR RELIEF

### Violation of the FDCPA, 15 U.S.C. § 1692, et seq.

38. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

39. By repeatedly calling Plaintiff despite Plaintiff's repeated insistence that Defendant does not do so, Defendant has engaged in unfair and unconscionable means in an attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692f.

40. By repeatedly calling Plaintiff despite Plaintiff's repeated insistence that Defendant does not do so, Defendant has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. § 1692d.

41. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

42. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

43. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violation of the FDCPA, 15 U.S.C. § 1692f, and Plaintiff is so entitled. Alternatively, 15 U.S.C. §

1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violation of the FDCPA, 15 U.S.C. § 1692d, and Plaintiff is so entitled.

44. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

### Violation of the TCPA, 47 U.S.C. § 227, et seq.

44. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

45. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to call Plaintiff's cellular telephone at least five (5) times.

46. Additionally or alternatively, Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using automated or prerecorded voices when calling Plaintiff's cellular telephone at least five (5) times.

47. Defendant violated 47 U.S.C. 227(b)(1)(B) by using automated or prerecorded voices when calling Plaintiff's residential telephone at least thirty (30) times.

48. Upon information and belief, these violations of the TCPA were knowing or willful because Defendant has been the subject of multiple lawsuits over telephone calls made by Defendant to other debtors in violation of the TCPA.

49. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

50. The TCPA provides for treble damages, an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, *Id.*

51. Plaintiff is entitled to $500.00 in statutory damages per violating call, *Id.*

52. Plaintiff is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, *Id.*

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call, for a total of $1,500.00 per each violating call;

(c) And any other relief as the court may deem proper and may provide.

Plaintiff requests a jury for all claims so triable.

## THIRD CLAIM FOR RELIEF

### Violation of the FCCPA, Fla. Stat. § 559.55, et seq.

53. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

54. By repeatedly calling Plaintiff despite Plaintiff's repeated insistence that Defendant does not do so, Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, in violation of the FCCPA, Fl St. § 559.72(7).

55. By repeatedly calling Plaintiff despite Plaintiff's repeated insistence that Defendant does not do so, Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the FCCPA, *Id.*

56. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

57. The FCCPA provides for reasonable attorney's fees and costs in any successful action, *Id.*

58. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. *Id.*

59. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violation of the FCCPA, Fl St. § 559.72(7), and Plaintiff is so entitled.

60. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.


Respectfully submitted this 26th day of May, 2015,

By Plaintiff's attorney: /s/ Nicholas Michael Murado_____

Nicholas Michael Murado

Florida Bar # 102769

Amerihope Alliance Legal Services

7501 N.W. 4th Street, Suite 207A

Plantation, Florida, 33317

Telephone: 877 882 5338 ext. 860

Fascimile: 954-919-6337

E-mail: nmurado@amerihopealliance.com