**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LINDA PERRY,

        Plaintiff,

v.                                           Case No. 6:15-cv-875-Orl-37TBS

PINNACLE RECOVERY, INC.,

        Defendant.

**ORDER**

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Claim Under the Telephone Consumer Protection Act (Second Claim for Relief) for Debt Collection Calls Made to Plaintiff's Residence (Doc. 17), filed July 15, 2015. Plaintiff had until August 3, 2015, to respond. *See* Local Rule 3.01(b) (allotting fourteen days to respond); Fed. R. Civ. P. 6(d) (allotting an additional three days to respond). The August 3 deadline has passed, and Plaintiff has not filed a response in opposition to Defendant's Motion. Upon consideration, the Court considers Defendant's Motion to be unopposed (*see* Local Rule 3.01(b)) and finds that it is due to be granted.[1]

Plaintiff brings this action to recover for alleged violations of, *inter alia*, the Telephone Consumer Protection Act ("TCPA"), which are premised on Defendant's use

---

[1] On July 22, 2015, Plaintiff's counsel notified the Court that he was separating from his law firm and "may or may not remain [Plaintiff's] attorney." (Doc. 21, p. 1.) He requested that the Court not set any hearings, including one for the Motion to Dismiss, "until the issue of Plaintiff's representation can be resolved." (*Id.* at 2.) The Court denied the request in accordance with Local Rule 2.03(b), but Plaintiff still has not filed a response to the pending Motion. Although the Court could dispose of the Motion on purely procedural grounds, it will reach the merits to avoid any assertion of prejudice to Plaintiff for her counsel's alleged unavailability and lack of response (*see* Doc. 21).

of an automatic telephone dialing system and prerecorded voice when calling Plaintiff's *cell phone* (Doc. 6, ¶¶ 45-46 (alleging a violation of 47 U.S.C. § 227(b)(1)(A)(iii))), as well as when calling her *residential phone* (*id.* ¶ 47 (alleging a violation of 47 U.S.C. § 227(b)(1)(B)). Defendant moves to dismiss the TCPA claim only "to the extent it seeks relief under the TCPA for debt collection telephone calls made to Plaintiff's residence." (Doc. 17, p. 4.) The Motion is well-taken.

Section 227(b)(1)(B) states that it is unlawful to initiate a call to a *residential* line using an artificial or prerecorded voice "unless the call is exempted by rule or order by the [Federal Communications] Commission ["FCC"]." Pursuant to 47 C.F.R. § 64.1200, the FCC exempts calls "made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing" from the TCPA's statutory prohibition against prerecorded calls. The FCC maintains that debt-collection calls fall under the "commercial calls" exception. *See In re: Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8773, ¶ 39 (October 16, 1992). Accordingly, "prerecorded debt-collection calls are exempt from the TCPA's prohibitions on [automated or prerecorded] calls to residences." *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011); *see also Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 274 (3d Cir. 2013) (acknowledging that there is an exemption for debt-collection calls made to residential lines, but not to cell phones); *Ashley v. Gen. Elec. Capital Corp.*, No. 2:13-cv-353-FtM-29UAM, 2013 WL 6133562, at *3 (M.D. Fla. Nov. 21, 2013) (same); *Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F. Supp. 2d 589, 604 (E. D. Pa. 2012) (same).

Plaintiff specifically alleges that Defendant made the violative calls to Plaintiff's residence for debt collection purposes. (Doc. 6, ¶¶ 20, 27, 35–37.) Thus, they are exempt from the TCPA. *See Meadows*, 414 F. App'x at 235; *see also Dayhoff v. Wells Fargo Home Mortg., Inc.*, No. 6:13-cv-1132-Orl-37KRS, 2013 WL 6283583, at *2 (M.D. Fla. Dec. 4, 2013).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Plaintiff's Claim Under the Telephone Consumer Protection Act (Second Claim for Relief) for Debt Collection Calls Made to Plaintiff's Residence (Doc. 17) is **GRANTED**.

2. Count Two (Doc. 6, ¶¶ 44–52) is **DISMISSED WITHOUT PREJUDICE** to the extent that it seeks relief under the TCPA for debt collection calls made to Plaintiff's *residence*.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 19, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

3